JUDGMENT

Justice VILES.
This case was heard on January 16, 1998. As is our rule in employment termination cases brought under Article XII of the 1975 Cherokee Constitution, the Cherokee Nation had the burden of presenting its evidence first, in order to show that the termination of employment was with cause. Then, once the former employee knows what she is facing, she can present her evidence and the Court decides the issue.
In this case, the Cherokee nation put on five witnesses, including the Petitioner, and then rested. Petitioner’s attorney demurred to the evidence, saying that the Nation had failed to (1) state adequate cause for which his client’s employment had been terminated, (2) show a valid resignation, among several other claims.
After deliberation, this Court sustained the demurrer, agreeing that the Cherokee *15 Nation had not met its burden of prooí. By its own terms, the contract used by the Nation to employ Ms, Fargo could be terminated by a “mutual written agreement of both parties” [1], but no such written agreement (or resignation) exists. The school authorities instead relied on a memo dated November 8, 1996[2] signed by Dr. Gloria Sly, Leroy Qualls, and Gina Stanley, reciting an acceptance of “Mrs. Fargo’s verbal resignation”. Further, Mr. Qualls testified to a “verbal resignation” as being the only resignation given by Ms. Fargo. Dr. Sly, the superintendent at Se-quoyah School also testified that there was no written resignation, while Gina Stanley testified that the verbal resignation in this case was the only verbal resignation she had ever seen at Sequoyah School.
Testimony showed that these three school officials were having a regular meeting to address school issues, decided to call Ms. Fargo in to discuss “internal problems among staff” and “negativity among staff’, and upset her so that she made various statements about quitting her position. The meeting was apparently allocated only some ten minutes or so since Mr. Qualls testified that it hadn’t taken much longer than that and that he had been late for his next class.
Ms. Fargo returned to work at the school as an academic counselor on her next scheduled work day and upheld her part of the Teacher Agreement. Dr. Sly presented the memo mentioned above to the school board which is associated with Sequoyah High School[3], at its December meeting, and processed an Employee Action Notice which ended Ms. Fargo’s employment.
Contracts which require written notices or agreements usually do so for good reasons. In this case, one of the reasons is to prevent differing interpretations of words spoken in haste, in response to being called into a meeting without advance notice and haring three supervisors ask about job performance. There was no written resignation here and no mutual termination of the Teacher Agreement.
The Court holds that Ms. Fargo’s employment was terminated without cause. Her damages would have continued only until the expiration date of her contract, July 25, 1997. Petitioner is given twenty days from the date of publication of this opinion to file a motion for damages, including attorney fees. Respondent shall have twenty days from the filing of that motion to respond.
ALL JUSTICES CONCUR.

. Petitioner's Exhibit 1, “Teacher Agreement” dated August 12, 1996, paragraph 2. Also see Petitioner's Exhibit 2, an amendment thereto.

. Petitioner's Exhibit 6.

.The Court noted with interest that, unlike other Oklahoma school districts, the school board at Sequoyah is advisory only. The Nation’s Human Resources department does the hiring and the paperwork.